**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Archie LaVallie, Jr., | ) |
|                  Plaintiff, | )   **ORDER GRANTING DEFENDANT'S** |
| | )   **MOTION TO DISMISS AND** |
| vs. | )   **DENYING PLAINTIFF'S PETITION** |
| | )   **FOR HABEAS CORPUS RELIEF** |
| Turtle Mountain Tribal Court, | ) |
| Beverly May, Tribal Judge Administrator, | ) |
| Marty Delorme, Head Jailer, | )   Case No. 4:06-cv-077 |
| | ) |
|                  Defendants. | ) |

Before the Court is the Plaintiff's Petition for Habeas Corpus Relief filed on October 5, 2006, and Defendant Beverly May's Motion to Dismiss for Failure to Exhaust Tribal Court Remedies filed on November 27, 2006. For the following reasons, the Court grants Defendant May's motion and denies the Plaintiff's Petition for Habeas Corpus Relief.

**I.    BACKGROUND**

On October 5, 2006, the plaintiff, Archie LaVallie, Jr. ("LaVallie"), filed a petition for habeas corpus relief. LaVallie challenged the validity of his conviction in tribal court on charges of disorderly conduct. In addition, he challenged the tribal court's decision to revoke his probation. This is not the first such petition LaVallie has filed with this Court. On February 17, 2006, he filed a habeas petition challenging the sentence imposed by the tribal court for his alleged probation violations. Although not expressly cited, both petitions were predicated upon 25 U.S.C. § 1303 of the Indian Civil Rights Act.

1

The facts underlying LaVallie's two petitions are intertwined. For the sake of clarity and context, a brief sketch of the events precipitating the filing of both petitions is necessary.

On September 2, 2005, LaVallie entered guilty pleas in tribal court to charges of kidnaping and terrorizing "under the Domestic Violence Code." See Order Granting Defendant's Motion to Dismiss and Denying Plaintiff's Petition for Habeas Corpus Relief, Case No. 4:06-cv-009, Docket No. 7. LaVallie was sentenced to six months of incarceration, with 111 days suspended, followed by two years probation with the understanding that he would attend anger management classes and undergo an alcohol evaluation. In addition, LaVallie was assessed $1,500 in fines, $150 in court costs, $150 in VOCA fees, and $150 in probationary fees. He was later given the option of performing 225 hours of community service in lieu of the fines.

During the period of his incarceration, LaVallie was granted several weekend passes so that he could take care of some personal matters. On one such occasion, he failed to return to as scheduled and was subsequently sentenced to forty-five days in jail to run concurrent with the six month sentence.

LaVallie failed to pay his fines, failed to perform any community service, and otherwise failed to live up to the conditions of his probation following his release from tribal jail on December 4, 2005. Consequently, on January 31, 2006, tribal authorities filed a petition charging him with two probation violations. The issuance of an arrest warrant followed.

LaVallie was arrested on February 1, 2006. The tribal court conducted a revocation hearing on February 3, 2006, after which it assessed LaVallie with $525 in fees and ordered him to either

pay $ 1,400 in fines or sit in jail, where he would receive a $10 credit toward his fines for each day that he was incarcerated.[1]

As previously noted, LaVallie filed a petition for habeas corpus relief with this Court on February 17, 2006. He challenged the validity of the above-mentioned revocation hearing on grounds that he had not admitted to the alleged probation violations and was not physically present when his sentence was imposed. The Court dismissed the petition on motion by the respondents on April 18, 2006, on the basis that LaVallie had not exhausted his tribal court remedies.

LaVallie was discharged from tribal jail pursuant to a "release agreement" in April 2006. See Defendant's Brief in Support of Motion to Dismiss, Case No. 4:06-cv-077, Docket No. 12. Under the terms of the agreement, he was to participate in an outpatient treatment program and satisfy the balance of his fines by performing 177 hours of community service. LaVallie was unable to live up to these terms.

On September 1, 2006 LaVallie appeared in tribal court "to answer the charge of Disorderly Conduct and Probation Revocation (2 counts)." Id. Following the entry of a plea of guilty to the disorderly conduct charge, the tribal court assessed him $125 in fines, costs, and fees and sentenced him to fifteen days in jail, suspended, and three months probation. On the first alleged probation violation, the tribal court gave him the option of either serving two days in jail or paying the outstanding fines. As for the second alleged probation violation, the tribal court re-imposed the 111-

---

[1] With respect to the first violation, the tribal court gave LaVallie the option of either paying a $1,350 fine or being incarcerated for 135 days. It also ordered him to pay $150 in court costs, $150 in VOCA fees, and $150 in probationary fees. Finally, it ordered him to undergo a substance abuse evaluation and attend anger management classes. See Order Granting Defendant's Motion to Dismiss and Denying Plaintiff's Petition for Habeas Corpus Relief, Case No. 4:06-cv-009, Docket No. 7.

With respect to the second violation, the tribal court gave LaVallie the option of either paying a $50 fine or being incarcerated for five days. In addition, it imposed $25 in court costs, $25 in VOCA fees, and $25 in probationary fees. See Order Granting Defendant's Motion to Dismiss and Denying Plaintiff's Petition for Habeas Corpus Relief, Case No. 4:06-cv-009, Docket No. 7.

day jail sentence that had been ordered suspended in September 2005. In addition, LaVallie was held in contempt of court and sentenced to forty-five days in jail.

On September 21, 2006, LaVallie lodged a habeas petition with the Court along with a motion to proceed *in forma pauperis*. (Docket No. 1). On October 5, 2006, the Court granted the LaVallie's motion and ordered the Clerk's Office to file his petition. (Docket No. 2).

Meanwhile, LaVallie was afforded an opportunity to participate in a three-day domestic violence conference commencing on October 3, 2006, at the Turtle Mountain Community College. See Defendant's Brief in Support of Motion to Dismiss, Case No. 4:06-cv-077, Docket No. 12. In return for his participation, LaVallie was to receive $25 credit toward his fines for each day of attendance. It was also understood that his participation would satisfy the condition that he attend anger management classes while on probation.

LaVallie attended the first day of the conference. However, he walked away on the second day and was subsequently charged with escape. See Defendant Delorme's Response to Amended Petition for Writ of Habeas Corpus, Case No. 4:06-cv-077, Docket No. 11. LaVallie was arrested on October 22, 2006, and taken before the tribal court the following day. See Defendant's Brief in Support of Motion to Dismiss, Case No. 4:06-cv-077, Docket No. 12, see also Defendant Delorme's Response to Amended Petition for Writ of Habeas Corpus, Case No. 4:06-cv-077, Docket No. 11. Holding him in contempt, the tribal court sentenced LaVallie to forty-five days in jail. See Defendant's Brief in Support of Motion to Dismiss, Case No. 4:06-cv-077, Docket No. 12, see also Defendant Delorme's Response to Amended Petition for Writ of Habeas Corpus, Case No. 4:06-cv-077, Docket No. 11. In addition, the tribal court ordered LaVallie to serve the remainder of his probation violation sentence. See Defendant's Brief in Support of Motion to Dismiss, Case No.

4

4:06-cv-077, Docket No. 12, see also Defendant Delorme's Response to Amended Petition for Writ of Habeas Corpus , Case No. 4:06-cv-077, Docket No. 11.

On November 7, 2006, LaVallie filed an amended habeas petition. (Docket No. 10). In the petition, LaVallie described his efforts to appeal the tribal court's reinstatement of his 111-day sentence as well as his frustration with the tribal appellate court.[2]

On November 27, 2006, Defendant Beverly May filed a motion to dismiss LaVallie's petition on the grounds that he had not exhausted his tribal court remedies. LaVallie filed a response to the motion the following day. The matter is now ripe for consideration.

## II.  DISCUSSION

LaVallie filed an appeal with the tribal appellate court on September 5, 2006. wherein he challenged the imposition of his suspended sentence. (Docket No. 10). There is some disagreement

---

[2]LaVallie's amended petition read in relevant part as follows:

> I put in an appeal in Sept. 5, 2006, I didn't hear nothing from the courts so I filed a habeas corpus 14 days later to the U.S. Court there in Bismarck.
> On October 22, 2006, I was at the courthouse and asked about my appeal and they said, oh you have to pay a $150 filing fee or sign some forma pauperis forms, so I filled the forms out.
> What I'm getting at and want the U.S. Court . . . to realize is:
> 1. The tribal court does not give us no responses to our motions, legal matters, etc.
> 2. The public defenders they have us for counsel do not help us out in anyway with our legal matters, such as our wanting to appeal, motions, etc.
> The illegal matters by the court that I file on, I lose because I didn't appeal to the tribal appeals court first, etc. How can I when no one at the courthouse pays no attention to our motions, appeals, etc.
> I have a habeas corpus now in the U.S. Court I filed in Sept. 2006, I didn't hear a thing from the tribal courts after 14 days, so what I'm asking . . . is . . . to consider the fact: how can we go through the process of appeal when the tribal court don't even respond to our legal matters.

(Docket No. 10).

as to when the tribal appellate court took this matter under advisement.[3]  Nevertheless, there is little dispute that the appeal is still pending.

Defendant May contends that this Court, as a matter of comity, must stay its hand and refrain from addressing LaVallie's petition for habeas corpus relief until the tribal appellate court has spoken on the matter. LaVallie responds that he need not exhaust his remedies in tribal appellate court given its tendency to obfuscate the issues and delay the issuance of a ruling.

Section 1303 of the Indian Civil Rights Act provides in relevant part that the "privilege of the writ of habeas corpus shall be available to any person in a court of the United States to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303.  However, as a matter of comity, tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act." Necklace v. Tribal Court of Three Affiliated Tribes, 554 F.2d 845, 846 (8th Cir. 1977) (citing Rosebud Sioux Tribe of South Dakota v. Driving Hawk, 534 F.2d 98, 101 (8th Cir. 1976)); Janis Wilson, 521 F.2d 724, 726-27 (8th Cir. 1975); O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1144-48 (8th Cir. 1973); see Selam v. Warm Springs Tribal Correctional Facility, 134 F.3d 948, 953 (9th Cir. 1998) (explaining the need for tribal exhaustion prior to seeking habeas corpus relief under Section 1303); Wetsit v. Stafne, 44 F.3d 823, 826 (9th Cir. 1995).

The rule of exhaustion is not an inflexible one. Necklace v. Tribal Court of Three Affiliated Tribes, 554 F.2d 845, 846 (8th Cir. 1977). As stated by the Eighth Circuit, "[a] balancing process is evident; that is weighing the need to preserve the cultural identity of the tribe by strengthening the authority of the tribal courts, against the need to immediately adjudicate alleged deprivations of

---

[3] Defendant May avers that LaVallie's appeal "went up for consideration" on October 12, 2006.  However, LaVallie counters that could not have occurred given that he did not fill out the requisite paperwork authorizing him to proceed in forma pauperis on appeal until October 22, 2006.

individual rights." Id. (quoting O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1146 (8th Cir. 1973)). To that end, the United States Supreme Court has held that exhaustion of tribal remedies may not required when "where an assertion of tribal jurisdiction 'is motivated by a desire to harass or is conducted in bad faith,' or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." National Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 857 n.21 (1985).

Without reaching the merits of LaVallie's habeas corpus petition, the Court finds that it is not ripe for review. Although the wheels of justice are not turning as fast as LaVallie had hoped, they are moving. In fact, LaVallie has conceded that he has sought review from the Tribal Court of Appeals and is awaiting its decision. The Eighth Circuit has expressly held that exhaustion of tribal remedies is required prior to the filing of a habeas corpus petition under 25 U.S.C. § 1303. While there are exceptions to that general rule of law, the Court finds that none of the exceptions are applicable in this case. The policies of tribal self-government and self determination are best served by requiring LaVallie to exhaust the available tribal remedies in this case. See National Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 856 (1985). In other words, he must await a resolution of this matter by the Tribal Court of Appeals.

### III. CONCLUSION

For the reasons set forth above, the Defendant May's Motion to Dismiss for Failure to Exhaust Tribal Court Remedies (Docket No.12) is **GRANTED**. LaVallie's Petitions for Habeas Corpus Relief (Docket Nos. 3 and 10) are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court